# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB BROOKS, | ) |
| Plaintiff | ) |
| v. | ) **Case No.:** |
| DIRECTV, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

BOB BROOKS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIRECTV, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing New Kensington, Pennsylvania 15068.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located at 2260 East Imperial Highway, El Segundo, California 90245.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff pays to receive incoming calls.

13. Beginning in or around January 2015, and continuing through February 2015, Defendant called Plaintiff on his cellular telephone.

14. When contacting Plaintiff on his cellular telephone, Defendant would place calls, as well as, send text messages.

15. Also, when contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. While Plaintiff has an account with Defendant, he revoked consent to call his cellular telephone in January 2015, which was acknowledged in writing on January 16, 2015, from a "Sara S" a representative of Defendant.  See Exhibit A, the January 16, 2015, email.

18. Defendant told Plaintiff that the process of placing his cellular number on the "Do Not Call" list could take up to ten (10) business days.  See Exhibit A.

19. Plaintiff continued to receive calls from Defendant after the allotted ten (10) business days.

20. Again, on or about February 7, 2015, Plaintiff contacted Defendant to tell them to stop calling, and in response, Defendant falsely claimed that it had added his number to its "Do Not Call" list.  See Exhibit B, the February 7, 2015, email.

21. Nevertheless, Defendant continued to call Plaintiff's cellular telephone number.

22.     For example, Defendant called Plaintiff's cellular telephone on: February 10, 2015, at 2:07 p.m.; February 13, 2015, at 1:14 p.m.; February 14, 2015, at 9:05 a.m.; February 15, 2015, at 10:57 a.m. and 5:49 p.m.; February 16, 2015, at 8:35 a.m., 11:05 a.m., 2:44 p.m., and 6:34 p.m.; February 17, 2015, 8:35 a.m., 11:53 a.m., 2:36 p.m. and 8:18 p.m.; February 19, 2015, 8:29 a.m., 10:59 a.m., 2:21 p.m., and 7:34 p.m.; February 20, 2015, 8:28 a.m.; February 21, 2015, 2:47 p.m. and 5:11 p.m.; and February 22, 2015, 11:57 a.m., 4:03 p.m., and 7:14 p.m.

23.     Upon information and belief, Defendant's actions are in violation of the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice and without his express prior consent.

26.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27.     Defendant's calls to Plaintiff were not made for emergency purposes.

28.     Defendant's calls to Plaintiff, on and after January 16, 2015, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BOB BROOKS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BOB BROOKS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09-04-15                    KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*_____
    CRAIG THOR KIMMEL
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT